UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                          No. 03-4550

ABDULKADIR I. ALI,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-03-37)

Submitted: January 28, 2004

Decided: April 6, 2004

Before TRAXLER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Martin F. McMahon, Christopher Smith, MARTIN MCMAHON &
ASSOCIATES, Washington, D.C., for Appellant. Paul J. McNulty,
United States Attorney, Gordon D. Kromberg, Neil Hammerstrom,
Jr., Assistant United States Attorneys, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Abdulkadir I. Ali appeals the thirty-month sentence imposed after he pled guilty to structuring financial transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324 (2000).[1] Ali challenges the district court's refusal to apply the safe-harbor provision in *U.S. Sentencing Guidelines Manual* § 2S1.3(b)(2) (2001). Finding no reversible error, we affirm.

Section 2S1.3 applies to convictions for structuring transactions to evade reporting requirements and provides for a base offense level of six plus an additional number of levels depending on the amount of funds involved in the offense. USSG §§ 2S1.3(a), 2B1.1. The guideline also contains a safe-harbor provision that reduces the offense level to six if a defendant meets four requirements:

> (A) subsection (b)(1) does not apply [that is, a defendant did not know or believe that the funds were proceeds of or were intended to promote unlawful activity]; (B) the defendant did not act with reckless disregard of the source of the funds; (C) the funds were the proceeds of lawful activity; and (D) the funds were to be used for a lawful purpose[.]

USSG § 2S1.3(b)(2).

At sentencing, the district court correctly required Ali to prove that he qualified for the safe-harbor provision in USSG § 2S1.3(b)(2). *See United States v. Abdi*, 342 F.3d 313, 317 (4th Cir. 2003) (allocating burden of proof to defendant).[2] Ali contends on appeal, however, that

---

[1]Ali also pled guilty to wire fraud, in violation of 18 U.S.C. § 1343 (2000), but he does not challenge his wire fraud conviction or sentence on appeal.

[2]We note that the district court did not have the benefit of our decision in *Abdi* when it sentenced Ali.

requiring him to prove the lawfulness of every transaction involved in the structuring offense violates his due process rights and that placing such an impossible burden on him renders the safe-harbor provision meaningless. Assuming, without deciding, that the lawfulness of every transaction need not be shown, we agree with the district court that the evidence Ali presented at sentencing failed to show the lawfulness of the source and purpose of the funds by a preponderance of the evidence. *Id.* (stating that it was defendants' burden to "*demonstrate affirmatively* that the structured monies were the proceeds of lawful activity and were to be used for lawful purposes"). Ali also claims that the district court prevented him from presenting evidence at sentencing to support the application of the safe-harbor provision. We find that the record belies his claim.

Accordingly, because we find no error in the district court's refusal to apply the safe-harbor provision to Ali, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*